UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | NO. 2:14-CR-048 |
| | ) | NO. 2:15-CV-275 |
| LATARI MONIQUE JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to 28 U.S.C. § 636 and by Order of Reference filed by the District Court referring the matter for an evidentiary hearing [Doc. 110]. The matter has been fully briefed, and an evidentiary hearing was held on September 9, 2016.

**I.     INTRODUCTION**

Defendant Latari M. Jackson ("Jackson") filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. 100, and 119], raising two issues: (1) that based on the Supreme Court's ruling in *Johnson v. United States,* 135 S.Ct. 2551 (2015), her prior felony evading arrest conviction is no longer a crime of violence under the residual clause of the career offender guideline, U.S.S.G. § 4B1.1, resulting in her no longer qualifying as a career offender;[1] and (2) that her trial counsel failed to appeal her sentence. [Doc. 100, pg. 4].

---

[1] Counsel was appointed to represent Jackson and promptly filed a "Expedited Motion" supplementing Jackson's initial § 2255 [Doc. 119], arguing that based on the Supreme Court's ruling in *Johnson,* Jackson no longer qualifies as a Career Offender and is entitled to immediate release. The United States responded, asking the District Court either to deny Jackson's petition on the *Johnson* issue or to hold the case in abeyance pending the United States Supreme Court's ruling in *Beckles v. United States,* No. 15-8544, __ S. Ct. ___, 2016 WL 1029080 (June 27, 2016). [Doc. 27]. It appears that the Supreme Court will, in *Beckles*, address whether *Johnson* applies to the residual clause of the career offender guideline, and if so, whether it applies retroactively on collateral review. This is the precise issue Jackson raises in her supplemental pleadings. [Doc. 119]. However, that issue is not before the undersigned at this time.

1

The sole issue before the undersigned is whether Jackson instructed her trial counsel to appeal the sentence [Doc. 109]. The District Court found that a credibility dispute existed based on the pleadings concerning whether defense counsel should have filed a notice to appeal following her sentencing and referred the matter to the undersigned for an evidentiary hearing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

The District Court outlined the procedural and factual background in detail regarding Jackson's case. [Doc. 109, pg. 1-4]. For purposes of this order, the Grand Jury charged Jackson with, among others, a conspiracy to distribute "crack" cocaine in violation of 21 U.S.C. § 841(b)(1)(C), and aiding and abetting the possession of one or more firearms in furtherance of a drug trafficking offense in violation of 21 U.S.C. § 924(c)(1)(A). Rather than proceed to trial, Jackson entered into a Plea Agreement [Doc. 38] in which she agreed to plead guilty to only the conspiracy count with all the remaining counts being dismissed. Jackson's Plea Agreement waived her right to file a direct appeal except for a sentence above the sentencing guideline range as determined by the district court or a statutory mandatory minimum, whichever is greater [Doc. 38, pg. 7-8]. The Presentence Report ("PSR") classified Jackson as a career offender based on two prior felony convictions for either a crime of violence or a controlled substance offense.[2] PSR ¶ 27; *see* U.S.S.G. § 4B1.2(a). After deductions for acceptance of responsibility, the PSR calculated her advisory Guideline Range to be 151-188 months. PSR ¶ 73.

Although Jackson's trial counsel objected to the PSR's classification of her as a Career Offender, [Doc. 141], the District Court overruled her objection and adopted the PSR's calculation

---

[2] The PSR indicated that the two predicate offenses that qualified her for the Career Offender designation were Possession of a Schedule II Controlled Substance for Resale (PSR ¶ 37) and Felony Evading Arrest, both under Tennessee law (PSR ¶ 39).

2

as her advisory Guideline Range. That range was 151-188 months. After granting the government's motion for a downward departure, [Doc. 75], and Jackson's motion for a variance, [Doc. 77], the District Court sentenced Defendant to 90 months imprisonment for her involvement in the conspiracy offense, a substantial variance from her advisory Guideline Range [Doc. 89, *Judgment*].

## III. FINDINGS OF FACT

After conducting the evidentiary hearing, the Court makes the following findings of fact. Jackson was charged, *inter alia*, with a conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) and for aiding and abetting the possession of a firearm in furtherance of a drug trafficking offense in violation of 21 U.S.C. § 924(c)(1)(A). Jackson entered into a plea agreement with the United States in which she agreed to plead guilty to the drug conspiracy charge, and the United States agreed to dismiss the remaining charges [Doc. 38]. Her trial counsel reviewed all the provisions of the plea agreement with her, answering any questions she might have had about its terms and conditions. The plea agreement contained a provision in which Jackson, in consideration of the other terms of the agreement, agreed to waive filing a direct appeal of her sentence, provided it did not exceed the advisory sentencing guideline range as determined by the district court or the statutory maximum, whichever was greater. Trial counsel specifically reviewed and explained at length this provision with Jackson. She advised her trial counsel that she understood the appeal waiver provision. Trial counsel believed Jackson understood the waiver and its implications for any appeal.

Jackson appeared before the Honorable R. Leon Jordan, United States District Judge, on July 24, 2014 and entered her plea of guilty to the drug conspiracy offense. Under oath, Jackson advised the district court that she and her trial counsel had reviewed the plea agreement and specifically the appeal waiver and that she fully understood its terms and effect on her right to

3

file an appeal.

The district court ordered the preparation of a Presentence Report which classified Jackson as a career offender under the guidelines based, in part, on her prior felony evading arrest charge. Jackson's trial counsel filed an objection to that classification, which was overruled by the district court. At sentencing, the district court calculated Jackson's advisory sentencing Guideline range to be 151 – 188 months. It then granted the United States' motion for a downward departure and Jackson's motion for a variance from the guideline range and sentenced Jackson to 90 months imprisonment. The district court specifically advised Jackson of her right to appeal pursuant to Fed. R. Crim. P. 32(j) and the time frame in which that right must be exercised. She did not appeal nor advise the clerk's office she wanted to appeal.

After the sentencing hearing, she advised her trial counsel she was "unhappy" with the sentence imposed. She did not advise him, however, that she thought it was unfair or out of line. In fact, at no time did she ever advised her trial counsel she wanted to appeal or specifically instruct her counsel to file an appeal on her behalf. After sentencing, trial counsel did not further consult with Jackson about filing an appeal.

## IV.  ANALYSIS

In her motion, Jackson asserts that her trial defense counsel was ineffective for failing to file a notice appeal after she instructed him to do so. At the evidentiary hearing, she advised that she never did instruct her trial counsel to file an appeal. Her appointed counsel argued that that trial counsel was ineffective for not consulting with her after sentencing pursuant to *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Jackson's argument rests primarily on her claim that when she expressed unhappiness with her 90-month sentence, trial counsel should have conferred with her about her desire to appeal.

4

It is axiomatic that "[a] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-Ortega*, 528 U.S. at 477, 120 S.Ct. 1029.  As noted, this is not a case in which trial counsel brushed aside a client's specific instructions.  She simply never instructed her trial counsel to file an appeal nor did she communicate in any way that would have led him to believe that is what her intentions were.  Accordingly, to the extent that Jackson has alleged her counsel was *per se* ineffective for failing to file a notice of appeal, her claim is without merit and should be dismissed.

The real issue in this case is whether her trial counsel should have consulted with her about filing an appeal based on her expressed dissatisfaction with her sentence.  If she can demonstrate that trial counsel had a constitutional duty to consult with her about an appeal, she then must demonstrate prejudice – that is, a reasonable probability that, but for counsel's deficient conduct, she would have appealed her sentence.  *Flores-Ortega*, 528 U.S. at 486.  Thus, she must claim that counsel's deficient performance caused her to forfeit an appeal that she otherwise would have taken. *Id.*  If she demonstrates the presence of nonfrivolous grounds for appeal, the two parts of the inquiry—duty to consult and prejudice—may both be satisfied. *Id*. at 486, 120 S. Ct. 1029.

Her argument fails on both grounds.  First, trial counsel, under the facts of this case, had no further duty to consult with her about an appeal.  She and her trial counsel had reviewed, and she understood, the specific terms of the appellate waiver contained in the plea agreement.  She confirmed that to Judge Jordan, under oath, when he inquired about her understanding of the appeal waiver.  Although trial counsel did not consult with Jackson immediately after the sentencing hearing to determine if she wanted to appeal the sentence, the Court finds that his failure to do so was not professionally unreasonable.  Trial counsel quite reasonably relied on his extensive discussion with Jackson regarding her waiver of appeal.  He consulted with Jackson about her

5

rights to appeal prior to her even signing the plea agreement and before she appeared before the district court to enter the plea.[3]  Moreover, there was nothing in the sentence itself that would trigger any issue regarding the need to file an appeal.  The sentence was far below the advisory guideline range and did not exceed any statutory maximum.  In fact, from just an objective standpoint, the resolution secured by trial counsel was quite impressive.

The law does not impose on an attorney an affirmative obligation to consult with a client about an appeal in every case.  *Flores-Ortega,* 528 U.S. at 478 (finding failing to consult with a defendant about an appeal in not "necessarily unreasonable" in every case).  Rather, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  *Id.* at 480.

Jackson has not shown "a rational defendant would want to appeal" this sentence.  This is particularly true when considering the circumstances of her charged conduct, the fact that she was facing a 5-year mandatory minimum sentence which would have run consecutive to any sentence on the drug conspiracy charge, which her trial counsel was able to negotiate a dismissal, the extraordinary variance the district court departed from the advisory guideline range, and the substantial benefit the court gave her for providing substantial assistance.  In fact, if Jackson had appealed, that would have provided the Government an opportunity to appeal as well, potentially challenging the extent of departure the district court made from the guideline range.  But more importantly, Jackson does not identify any nonfrivolous grounds to appeal.  At the hearing, she

---

[3] As noted in *Flores-Ortega,* consult conveys a specific meaning: "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478.  Trial counsel fulfilled his responsibility in that regard.

6

did not even attempt to advise the court what particular issue she would have wanted the Sixth Circuit to address. Appealing based on a general sense of "unhappiness" is not a nonfrivolous ground. Expressing unhappiness with a 90-month sentence is not surprising nor unexpected; it is a hefty sentence. Of course, it was far below her guideline sentence. With that said, her expression of displeasure alone did not put her trial counsel on notice to consult with her about filing an appeal. He had no reason to believe she wanted to appeal unless she advised him so, and she did not. Not consulting with her after sentencing was not professionally unreasonable.

Second, she does not dispute that she never told her trial counsel to file an appeal. She admitted so at the evidentiary hearing. Trial counsel had already reviewed with her the plea agreement and the appeal waivers and testified that if she had asked him to appeal, he would have filed a notice of appeal. She simply never did.

As a whole, trial counsel provided exceptional representation for Jackson. She was facing a significantly longer sentence had she gone to trial, and her counsel effectively represented her throughout the course of the proceedings. The Court notes that trial counsel went beyond what was required to render effective representation. When the Supreme Court decided the *Johnson* case, trial counsel was astute enough to recognize its potential application to Jackson's situation. Without any obligation to do so, he wrote her and advised her to consider filing a § 2255 motion, providing her a copy of the *Johnson* decision as a reference.

## V.  CONCLUSION

Based upon all of the testimony and the totality of the circumstances, the Court finds that Jackson did not specifically request her trial counsel to file an appeal. The Court further finds that under these circumstances, trial counsel had no further duty to consult with Jackson after sentencing about filing an appeal. Finally, even if trial counsel should have consulted with her

after sentencing, Jackson has not identified any prejudice from his failure to do so. Accordingly, the Court RECOMMENDS that her § 2255 claim that her counsel was ineffective for failing to file an appeal be DENIED.[4]

                                                          Respectfully Submitted,

                                                          s/Clifton L. Corker
                                                          United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).