UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| LATARI MONIQUE JACKSON, | ) |
| | ) |
| *Petitioner*, | ) NO. 2:14-CR-048 |
| | ) NO. 2:15-CV-275 |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Respondent*. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Latari Monique Jackson (Jackson) has filed a Motion under 28 U.S.C. § 2255 to vacate her sentence based on allegations of ineffective assistance of counsel and that her sentence was in violation of the Due Process Clause of the Fifth Amendment [Docs. 100, 119]. The United States has filed a Response [Doc. 105, 127]. For the reasons stated herein, the Court will DENY Jackson's motions.

The Grand Jury charged Jackson with, among other things, a conspiracy to distribute "crack" cocaine in violation of 21 U.S.C. § 841(b)(1)(C), and aiding and abetting the possession of one or more firearms in furtherance of a drug trafficking offense in violation of 21 U.S.C. § 924(c)(1)(A). Rather than proceed to trial, Jackson entered into a Plea Agreement [Doc. 38] in which she agreed to plead guilty to only the conspiracy count with all the remaining charges being dismissed. Jackson's Plea Agreement waived her right to file a direct appeal except for a sentence above the sentencing guideline range as determined by the district court or a statutory mandatory minimum, whichever is greater [Doc. 38, pg. 7-8]. The Presentence Report ("PSR") classified Jackson as a career offender based on two prior felony convictions for either a crime of violence

1

or a controlled substance offense.[1]  PSR ¶ 27; *see* U.S.S.G. § 4B1.2(a).  After deductions for acceptance of responsibility, the PSR calculated her advisory Guideline Range to be 151-188 months.  PSR ¶ 73.

Although Jackson's trial counsel objected to the PSR's classification of her as a Career Offender, [Doc. 141], the District Court overruled her objection and adopted the PSR's calculation as her advisory Guideline Range.  That range was 151-188 months.  After granting the government's motion for a downward departure, [Doc. 75], and Jackson's motion for a variance, [Doc. 77], the District Court sentenced Defendant to 90 months imprisonment for her involvement in the conspiracy offense, a substantial variance from her advisory Guideline Range [Doc. 89, *Judgment*].

Jackson then filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. 100, and 119], raising two issues.  She first claimed that her trial counsel failed to file an appeal of her sentence even though she had directed him to do so.  The Court found that to resolve this issue, an evidentiary hearing would be necessary.  It appointed attorney Mark Hanor, Esq. to represent her and referred the matter to the magistrate judge to conduct all necessary hearings on this issue.  On September 13, 2016, the magistrate judge, after holding an evidentiary hearing, recommended that Jackson's claim that her attorney did not file an appeal be denied [Doc. 134].  Defendant did not object to that recommendation, and the Court adopted the Report and Recommendation as the order of the Court [Doc. 141].

---

[1] The PSR indicated that the two predicate offenses that qualified her for the Career Offender designation were Possession of a Schedule II Controlled Substance for Resale (PSR ¶ 37) and Felony Evading Arrest, both under Tennessee law (PSR ¶ 39).

Jackson also claimed that she should not be considered a career offender under USSG § 4B1.1 as the residual clause of the career offender guideline was void for vagueness.[2] Her argument is based on the Supreme Court's ruling in *Johnson v. United States,* 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague and in violation of the Due Process Clause. The Court initially denied her claim. However, her counsel filed on June 21, 2016, an "Expedited Motion to Vacate under 28 U.S.C. § 2255" [Doc. 119], again challenging her classification as a career offender under the Sentencing Guidelines based on the Supreme Court's ruling in *Johnson*. The United States responded, asking the Court either to deny Jackson's petition on the *Johnson* issue or to hold the case in abeyance pending the United States Supreme Court's ruling in *Beckles v. United States,* No. 15-8544, __ S. Ct. ___, 2016 WL 1029080 (June 27, 2016) [Doc. 27]. Finding that *Beckles* would be dispositive on the issue raised by Jackson in her § 2255 motion, on September 28, 2016, the Court granted a stay of the case pending the Supreme Court resolving *Beckles* [Doc. 138]. It required the parties to file a joint status report within 30 days of the decision.

The Supreme Court has now decided *Beckles,* 137 S. Ct. 886 (2017). In *Beckles,* the Supreme Court held that the advisory Sentencing Guidelines "are not subject to a vagueness challenge under the Due Process clause" as the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was in *Johnson*. As a result, "[t]he residual clause of § 4B1.2(a)(2) is not void for vagueness." *Beckles*, 137 S. Ct. at 892. In the joint status report, both the United States and Jackson acknowledged that the Supreme Court's resolution of *Beckles* has resolved Jackson's pending claims. They write that, because of *Beckles*, "[t]he advisory Sentencing Guidelines are

---

[2] USSG 4B1.1(a) provides that a defendant is "a career offender if … the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

not subject to vagueness challenges under the Due Process Clause and that § 4B1.2's residual clause is not void for vagueness…. Accordingly, [Jackson] is ineligible for § 2255 relief under *Johnson*." [Doc. 146, pg. 2]. The Court concurs that *Beckles* resolves the only remaining pending claim, and that, under *Beckles*, Jackson is not entitled to relief.

As a result, the Court finds Jackson's sentence was not in violation of the Constitution or laws of the United States or otherwise subject to collateral attack. Her motions to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Docs. 100, 119] will be DENIED. In addition to the above, this Court CERTIFIES any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Jackson for leave to proceed *in forma pauperis* on appeal is DENIED. Rule 24 of the Federal Rules of Appellate Procedure. Jackson has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure, or reasonable jurists would disagree on the resolution of this matter, thus a certificate of appealability SHALL NOT ISSUE. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

5